IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **TELVON TAYLOR,** | * | |
| Petitioner, | * | |
| v. | * | Criminal Case No. RWT-06-131 |
|  | * | Civil Action No. RWT-14-3722 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Pending is Petitioner Telvon Taylor's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Upon review of the papers filed, and for the reasons stated below, the Court will deny Taylor's Motion.[1]

### BACKGROUND

**I.    Taylor's Federal Conviction and Sentencing**

Taylor was a participant in a large drug conspiracy in St. Mary's County, Maryland. ECF No. 549-1. He was indicted for his role in that conspiracy on March 20, 2006. ECF No. 1. On June 1, 2009, Taylor pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. ECF No. 548. As contemplated by the plea agreement, the probation officer determined, without objection from Taylor, that Taylor was a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines, resulting in an enhancement to his base offense level from 28 to 34, and an enhancement to his criminal history category from Category V to Category VI. ECF No. 549 at 4; ECF No. 753-1 at 4. After a

---

[1] Also pending are Taylor's Motion for Summary Judgment [ECF No. 754], which will be denied, and Motion to Expedite the Ruling for Petitioner's 2255 Habeas Corpus Petition Due to Extraordinary Circumstances [ECF No. 765], which will be denied as moot.

2-level reduction to his offense level for acceptance of responsibility, Taylor's sentencing guidelines range was 210-262 months' imprisonment. On October 5, 2009, the Court sentenced Taylor to 210 months' imprisonment. ECF No. 571.

Three predicate drug felonies in Maryland formed the basis for Taylor's career offender status. The first was a 1996 conviction in the Circuit Court for St. Mary's County for possession with intent to distribute cocaine (the "1996 Conviction"). ECF No. 753-1 at 2. The second, in 1998, was another conviction in the Circuit Court for St. Mary's County, this time for distribution of cocaine (the "1998 Conviction"). *Id.* at 3. The third conviction was entered in the Circuit Court for Calvert County, again in 1998, and again for distribution of cocaine.[2] *Id.* at 4. Each conviction was the result of a guilty plea.[3] Taylor was represented by counsel in each case. Only two prior felony drug convictions are required to render a defendant a career offender under § 4B1.1 of the U.S. Sentencing Guidelines.

## II. Taylor's Attempt to Vacate the 1996 and 1998 Convictions

Shortly after pleading guilty in this case, Taylor began working diligently to vacate two of the three predicate felonies. He filed *pro se* challenges in state court to both the 1996 Conviction and the 1998 Conviction, seeking in the Circuit Court for St. Mary's County a Writ of Error Coram Nobis to vacate each conviction. ECF No. 744-1 at 3-4. The court granted Taylor's petition as to the 1998 Conviction, determining that the judge who took Taylor's guilty plea failed to inform him of the maximum penalty of the offense to which he pled guilty.

---

[2] Taylor does not challenge the Calvert County conviction here.

[3] In Maryland, a defendant who pleads guilty has no right to direct appellate review of his conviction and sentence. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e); *see also Bruno v. State*, 632 A.2d 1192, 1200 (Md. 1993) ("By pleading guilty, however, a defendant forfeits any right to a direct appeal…and ordinarily waives all nonjurisdictional defects in the proceedings."). If a defendant who pled guilty seeks appellate review, he must file an application for leave to appeal with the Maryland Court of Special Appeals, which may be summarily denied. Md. Rule 8-204(f)(1).

ECF No. 744-2.  Because that conviction was vacated, it can no longer be used to support Taylor's status as a career offender.

Unfortunately for Taylor, his efforts were not successful as to the 1996 Conviction. Taylor raised a number of grounds in support of his petition.  Taylor argued that the judge who presided over his guilty plea and sentencing in that case did not explain the nature and elements of the charges against him, did not conduct an adequate inquiry into the facts surrounding his guilty plea, and did not inform him of the maximum sentence possible for the charge to which he was pleading guilty.  ECF No. 744-4 at 5-9.  Taylor also argued that his counsel was ineffective for failing to inform him of his post-trial rights of review, and that he did not file an appeal because his attorney failed to inform him that his plea was invalid.  ECF No. 744-4 at 8-10. After a hearing, the state court rejected Taylor's petition in a rather thorough opinion.  *Id.* at 2-10.

First, the court determined that, by pleading guilty and failing to file an application for leave to appeal, Taylor waived the ability to allege any error in a *coram nobis* proceeding.  *Id.* at 3-5.  Taylor had argued that the sentencing judge never informed him of his ability to apply for leave to appeal, in violation of Maryland Rule 4-342(i)(1), and therefore he could not have validly waived his ability to later challenge his conviction in a *coram nobis* proceeding. ECF No. 744-4 at 3-5.  Crucially, the court determined that, as a matter of fact, Taylor was fully informed of his rights, including his right to apply for leave to appeal. *Id.* at 4-5.  In making this determination, the court first noted that the transcript of Taylor's sentencing revealed that the sentencing judge had informed him of the existence of his post-conviction rights.  *Id.* at 4; *see also* ECF No. 744-3 at 8 (sentencing transcript for the 1996 Conviction) ("And finally, Mr. Taylor, [your attorney] will advise you of your post trial rights of sentence review,

reconsideration and appellate rights."). Moreover, the attorney who represented Taylor at the time testified that he regularly informed his clients of their post-trial rights, and that he was in regular communication with Taylor throughout the case. ECF No. 744-4 at 4. To bolster this finding, the judge noted that Taylor had successfully exercised another post-trial right by filing a motion for reconsideration, and thus did "not find it credible to accept that Petitioner was sufficiently informed of his rights to ask for reconsideration of his sentence, but not informed of any other post-trial rights." *Id.* Despite the determination that Taylor had waived his ability to bring a *coram nobis* challenge to the 1996 Conviction, the judge still addressed, and rejected, each of the substantive grounds on which Taylor challenged his conviction.[4] *Id.* at 5-10. The Maryland Court of Special Appeals affirmed on December 14, 2010. ECF No. 744-5. Taylor timely filed the instant Motion on November 26, 2014. ECF No. 744.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

---

[4] Relevant to this proceeding, because Taylor presents the same claim here, the judge did find that the transcript of Taylor's guilty plea was inadequate to determine whether Taylor was informed, on the record, of the nature and elements of the charges against him, which would constitute a violation of Maryland Rule 4-242(c). ECF No. 744-4 at 5-6. However, based on the detailed testimony of Taylor's attorney, the judge determined that Taylor's attorney had informed him of the nature and elements of the charges against him, this error by the sentencing judge did not rise to the constitutional level. *Id.*; *cf. also Henderson v. Morgan*, 426 U.S. 637, 646 (1976) (holding that defendant's guilty plea was involuntary, in part because there was no showing that defense counsel explained charges to the defendant).

28 U.S.C. § 2255(b); *see also Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

## ANALYSIS

Taylor's Motion fails because this Court is without power to grant him the relief requested under 28 U.S.C. § 2255. Taylor does not assert that this Court erred in determining that he was a career offender. ECF No. 754 at 5 ("The Petitioner avers that he is not making an assertion that this Honorable Court…committed any legal error when rendering that petitioner was a 'career offender.'"). Rather, he is attempting to use a proceeding under § 2255, in which collateral attacks on *federal* sentences are entertained, to mount a collateral attack on a *state* conviction that was used to enhance his federal sentence. However, the Supreme Court foreclosed that avenue of attacking a state conviction in *Daniels v. United States*, 532 U.S. 374 (2001), holding that a federal prisoner generally may not collaterally attack a state conviction that was used to enhance his federal sentence in a § 2255 proceeding,[5] unless the conviction was allegedly obtained without affording the accused the right to counsel in violation of *Gideon v. Wainright*, 372 U.S. 335 (1963). *Daniels,* 532 U.S. at 383. That circumstance is not present here.

*Daniels* would seem to end the matter, but Taylor argues that his situation fits into a narrow exception to the general *Daniels* rule. In *Daniels*, four justices agreed that a federal prisoner might use § 2255 to attack a state conviction used to enhance a federal sentence in "*rare* cases in which *no* channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Id.* at 383 (emphasis added). Taylor argues that his case falls within this exception because, allegedly not having been informed of his ability to apply for

---

[5] *Daniels* involved a statutory enhancement under the Armed Career Criminal Act, but the Fourth Circuit has held that *Daniels* also applies where the enhancement is under the U.S. Sentencing Guidelines. *United States v. Gadsen*, 332 F.3d 224, 228n.3 (4th Cir. 2003).

5

leave to appeal the 1996 Conviction, he was never able to seek review of that conviction. ECF No. 744-1 at 8-9.

Taylor reads the exception outlined in *Daniels* far too broadly. The rare *Daniels* exception, by its terms, applies *only* where "no channel of review was actually available" to the federal prisoner. *Daniels*, 532 U.S. at 383. Thus, if *some* channel of review was available to challenge the state conviction, and the federal prisoner is simply unsuccessful in challenging the conviction through that channel, *Daniels* forecloses his ability to challenge the conviction in a § 2255 proceeding. *Id.* at 382 ("If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (*or because the defendant did so unsuccessfully*), then that defendant is without recourse.") (emphasis added). It is clear from the preceding discussion describing Taylor's attempts to have his prior convictions vacated that there was an opportunity for Taylor to have that conviction reviewed, which Taylor took advantage of, and that his arguments were fully addressed on their merits. In fact, Taylor used this avenue of review to successfully vacate the 1998 Conviction. The fact that the courts reviewing Taylor's 1996 Conviction disagreed with his arguments does not mean that Taylor had "no channel of review," it just means that he was unsuccessful in that instance. Taylor's situation simply does not fall into the narrow *Daniels* exception.

In reality, Taylor is not complaining that he had no opportunity to have the 1996 Conviction reviewed. He is complaining that the state courts that reviewed that conviction disagreed with him. But reviewing those determinations is not a proper function for this Court in a § 2255 proceeding. Taylor was convicted in a Maryland state court for violating a Maryland state law. He later sought to vacate that conviction in the same Maryland state court. That court,

after holding a hearing, fully addressed Taylor's claims on the merits. That ruling was fully affirmed by a Maryland appellate court. Two Maryland state courts reviewed Taylor's contentions on the merits and determined on the merits that the 1996 Conviction remained valid. This Court is not a Maryland appellate court, and is without power to review the decisions of Maryland's state courts under § 2255, unless Maryland provided Taylor with no avenue to have his claims reviewed. Because Maryland did provide such an avenue, Taylor's petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

Taylor may not appeal this Court's order denying him relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. App'x. 272, 273 (4th Cir. 2007). A certificate of appealability will only issue if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed App'x. at 273. A petitioner "satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

Here, the Court has reviewed Taylor's claims. Taylor has failed to raise a cognizable § 2255 claim in which a reasonable jurist could find merit, or indeed which a reasonable jurist could even understand, and thus no certificate of appealability shall issue.

## CONCLUSION

For the foregoing reasons, Taylor's petition will be dismissed, and no certificate of appealability shall issue. A separate Order follows.

Date: September 21, 2015                                                        /s/
                                                                    ROGER W. TITUS
                                                                    UNITED STATES DISTRICT JUDGE